UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATES AT GREAT BEAR COMMUNITY ASSOCIATION : | |
| : | CIVIL ACTION NO. 1:11-2311 |
| Plaintiff, | |
| : | (KANE, C.J.) |
| v. | (MANNION, M.J.) |
| : | |
| GLORIA YUN, | |
| : | |
| Defendant. | |

### REPORT AND RECOMMENDATION[1]

Pending before the court are plaintiff's Motion to Remand (Doc. No. 8) and defendant's Motion to Amend/Correct Brief in Opposition (Doc. No. 15). For the reasons set forth below, the court will recommend that both motions be **GRANTED**.

I.   BACKGROUND

On December 14, 2011, defendant, Gloria S. Yun ("Yun"), proceeding *pro se*, filed a Notice of Removal, removing an action pending in the Monroe County Court of Common Pleas. (Doc. No. 1). On January 23, 2012, plaintiff, the Estates at Great Bear Community Association ("Great Bear"), filed a

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

motion to remand. (Doc. No. 8). The matter has been fully briefed by the parties (including plaintiff's motion to amend her opposing brief, which this court will recommend be granted (Doc. No. 15)), thus it is ripe for disposition.

## II.    DISCUSSION

Although an action pending in state court may be removed to "the district courts of the United States for the district and division embracing the place wherein it is pending" 28 U.S.C. § 1442, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391-92, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) (explaining that remand is warranted when a federal court lacks subject matter jurisdiction over the case); *Twp. of Whitehall v. Allentown Auto Auction*, 966 F. Supp. 385, 386 (E.D. Pa. 1997) (remanding case when the plaintiff's claim consisted "solely of state law claims between non-diverse parties").

In the normal course, "federal question" subject matter jurisdiction does not exist unless the basis for federal jurisdiction is alleged and appears on the face of the complaint. See *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11n. 9, 103 S. Ct. 2841, 77

L. Ed. 2d 420 (1983). The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction. *See Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127 (1974) (per curiam) (case brought originally in federal court); *Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961) (attack on jurisdiction of state court). "This Court has repeatedly held that, in order for a claim to arise under the Constitution, laws, or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Phillips Petroleum Co.* 415 U.S. at 127-128 (internal citations omitted). "The federal questions must be disclosed upon the face of the complaint, unaided by the answer." *Id.* at 127. "Moreover, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id.* at 128.

The complaint is a foreclosure action based on state law claims only. (Doc. No. 4 at 1-100 and Doc. No. 4-1 at 1-9). Great Bear brought the action against Yun in the Monroe County Court of Common Pleas[2] pursuant to 68

---

[2] A bench trial took place in the Court of Common Pleas of Monroe County on December 14, 2011, the same day that Yun filed the notice of removal with this court. (Doc. No. 6-3 at 2). It appears that Yun's intent is to appeal the state court decision to this court. The proper method to appeal the

3

Pa. C.S. § 5315(A) and Pa. R. Civ. P. 1141, *et. seq.* The complaint is devoid of any claim that arose under the Constitution, laws or treaties of the United States - it is solely a state law claim between non-diverse parties. Thus, we will recommend that the motion to remand be granted as this court does not have jurisdiction over the matter.

III. **RECOMMENDATION**

For the reasons set forth above, **IT IS RECOMMENDED THAT,** plaintiff's Motion to Remand (Doc. No. 8) and defendant's Motion to Amend/Correct Brief in Opposition (Doc. No. 15) both be **GRANTED**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date**: March 28, 2012.
O:\shared\REPORTS\2011 Reports\11-2311-01.wpd

---

decision of the Court of Common Pleas is through Pennsylvania's appellate court system. It appears that Yun has filed a direct appeal of the verdict with both Pennsylvania's Superior and Commonwealth Courts. (Doc. No. 21-1 at 1).