IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATES AT GREAT BEAR COMMUNITY ASSOCIATION, Plaintiff | : : : : Civil Action No. 1:11:-cv-02311 : : (Chief Judge Kane) : : |
| v. | |
| GLORIA S. YUN, Defendant | |

**MEMORANDUM ORDER**

Presently pending before the Court is Magistrate Judge Mannion's Report and Recommendation (Doc. No. 22), addressing Plaintiff's motion to remand (Doc. No. 8) and Defendant's motion to amend her brief in opposition to Plaintiff's motion (Doc. No. 15), as well as Defendant's objections thereto (Doc. No. 25). For the reasons that follow, the Court will adopt the Report and Recommendation.[1]

On September 2, 2009, Plaintiff filed a complaint against Defendant in the Court of Common Pleas of Monroe County, Pennsylvania, seeking "the entry of a judgment in foreclosure against the Defendant." (Doc. No. 4 at 3-13.) After holding a bench trial on December 14, 2011, the Court of Common Pleas determined that "[a] lien exists against Defendant . . . as a result of a failure to pay dues, assessments . . . and fines" and entered a $28,252.68 judgment in foreclosure against Defendant under 68 Pa. Cons. Stat. § 5313. (Doc. No. 6-3 at 17-18.) On the same date that the bench trial was held, Defendant filed a notice of removal with this Court.

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

(Doc. No. 1.)  Plaintiff filed a motion to remand this action to the Court of Common Pleas on January 23, 2012, stating that "there is no federal issue pleaded in the underlying litigation" and that Defendant failed to file a counterclaim in the state-court action, alleging that Plaintiff violated any of the federal statutes identified in her notice of removal.  (Doc. No. 8; see also Doc. No. 16 at 2.)

Upon review of the parties' briefs and the state-court record, Magistrate Judge Mannion issued a Report and Recommendation on March 28, 2012.  (Doc. No. 22.)  In the report, he recommends that the Court grant Plaintiff's motion to remand this action to the Court of Common Pleas of Monroe County because "[t]he complaint is devoid of any claim that arose under the Constitution, laws or treaties of the United States – it is solely a state law claim between non-diverse parties."[2]  (Doc. No. 22 at 3-4.)  Magistrate Judge Mannion further recognizes that Defendant's "intent [in filing the notice of removal] is to appeal the state court decision to this court.  The proper method to appeal the decision of the Court of Common Pleas is through Pennsylvania's appellate court system."[3]  (Id. at 3 n.2.)

---

[2] Magistrate Judge Mannion also recommended that the Court grant Defendant's motion to amend her brief in opposition.  Defendant filed the motion to amend on February 28, 2012, and then filed an amended brief in opposition prior to Magistrate Judge Mannion issuing his Report and Recommendation.  In her objections, Defendant construes the Report and Recommendation as stating "that both parties' motions and briefs are granted and that parties have bring more facts by law to determine for removal of this case from state court."  (Doc. No. 25 at 2 (errors in original).)  Contrary to Defendant's understanding of the effect of Magistrate Judge Mannion's recommendation that her motion to amend be granted, this recommendation has no impact on the matters of Plaintiff's motion to remand.  Rather, it simply indicates that Magistrate Judge Mannion considered the arguments raised in Defendant's amended brief in opposition before rejecting them as without merit.

[3] Magistrate Judge Mannion also stated that "[i]t appears that [Defendant] has filed a direct appeal . . . with both Pennsylvania's Superior and Commonwealth Courts."  (Doc. No. 22 at 4 n.2.)

On April 17, 2012, the Court issued an order granting Defendant an approximate six-week extension to file objections to the Report and Recommendation.  (Doc. No. 24.)  Despite this extension, Defendant failed to file timely objections.  Instead, two days after the deadline for filing objections, Defendant filed a document styled "Judicial Notice (Under CFR Title 5 § 2635.101 Public Office/Public Trust) Enforce the Notice of Removal and Demand Full Discovery and Jury Trial in this Court Upon Failure of State Court's Due Process by Law and Unfair Judgment."  (Doc. No. 25.)  The Court will construe this document as objections to the Report and Recommendations and, despite its untimely filing, will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" in accordance with Local Rule 72.2.

Defendant's objections are without merit.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007), and "any doubt about the right of removal requires resolution in favor of remand," Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009); see also Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It remains the defendant's burden to show the existence and continuance of federal jurisdiction.").  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint;" thus, a plaintiff "may avoid federal

jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Because Plaintiff did not assert any federal claims in its complaint, this Court lacked subject matter jurisdiction over the action at the time of removal. Although Defendant now attempts to set forth a number of counterclaims for violations of federal laws, federal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected," Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002), and cannot "rest upon an actual or anticipated counterclaim," Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Based on the foregoing analysis, the Court will remand this action to the Court of Common Pleas of Monroe County.[4]

**ACCORDINGLY**, on this 7th day of June 2012, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's Report and Recommendation (Doc. No. 22) is **ADOPTED**; Defendant's motion to amend her brief in opposition (Doc. No. 15) and Plaintiff's motion to remand this action to the Court of Common Pleas of Monroe County, Pennsylvania (Doc. No. 8) are **GRANTED**; and the Clerk of Court is directed to close the case.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[4] The Court further notes that 28 U.S.C. § 1446(b) requires that any notice of removal be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Although Defendant does not identify the date on which she was served with a copy of the complaint in the state-court action, she filed an answer to the complaint on October 28, 2009. (Doc. No. 4-1 at 10-16.) Defendant filed her notice of removal over two years later, on December 14, 2011. (Doc. No. 1.) Even assuming that Defendant had no notice of the state-court action until October 28, 2009, she still failed to comply with the thirty-day requirement of Section 1446(b).